**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **ROSEANNE STRANSKI,** | ) |
| | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )   **No. 07 C 4731** |
| | ) |
| **HOMER TOWNSHIP HIGHWAY** | )   **Judge Rebecca R. Pallmeyer** |
| **DEPARTMENT,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM ORDER

Having prevailed before a jury on this employment discrimination case, Defendant Homer Township Highway Department seeks an award of costs in the amount of $10,224.33. Plaintiff Roseanne Stranski objects to portions of Defendant's bill of costs, and for the reasons explained here, her objections are sustained in part and overruled in part.

Rule 54(d)(1) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." *Cefalu v. Village of Elk Grove*, 211 F.3d 416, 427 (7th Cir. 2000). As the Court of Appeals has explained, that rule "establishes a presumption in favor of a cost award." *Id.* The Seventh Circuit as characterized the presumption as a "heavy" one. *See M.T. Bonk Co. v. Milton Bradley Co.*, 945 F.2d 1404, 1409 (7th Cir. 1991); *Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.*, 854 F.2d 219, 222 (7th Cir. 1988). Only certain statutorily-authorized categories of expense are recoverable, however. *Cefalu,* 211 F.3d at 427 (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987)); *Barber v. Ruth*, 7 F.3d 636, 644 (7th Cir. 1993). Specifically, pursuant to 28 U.S.C. § 1920, the following are recoverable:

(1)     Fees of the clerk and marshal;

(2)    Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3)    Fees and disbursements for printing and witnesses;

(4)    Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5)    Docket fees under section 1923 of this title;

(6)    Compensation of court appointed experts, [and payment for interpreter services]. . . .

In reviewing Defendant's bill of costs, the court considers whether the amounts sought are of a type authorized by the statute and whether the costs were reasonably incurred. *Majeske v. City of Chicago*, 218 F. 3d 816, 824 (7th Cir. 2000) (citing *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 945 (7th Cir. 1997)). The court addresses Defendant's request for costs, and Plaintiff's objections, in the order outlined by statute.

**1.    Fees for service**

Defendant seeks an award of $145.00 for service of process on Officer Denise Powers and $95.00 for service of process on Tanya Berndt. As Plaintiff notes, the prevailing party is entitled to recover the costs of service of process only at the hourly rate charged by the United States Marshals Service. *See Collins v. Gorman*, 96 F.3d 1057, 1060 (7th Cir. 1996). By regulation effective December 19, 2008, the Marshals Service charges $55 per hour for service of process. See 28 C.F.R. § 0.114(a)(3). When an invoice fails to reflect the time spent effectuating service, courts typically award costs for one hour. *See, e.g., Fox v. Will County*, No. 04 C 7309, 2009 WL 723385, at *5 (N.D. Ill. Mar. 11, 2009) (Darrah, J.); *Denson v. N. E. Ill. Reg'l Commuter R.R. Corp.*, No. 00 C 2984, 2003 WL 21506946, at *2 (N.D. Ill. June 27, 2003) (Hart, J.); *Clarendon Nat. Ins. Co. v. Medina*, No. 08 C 4245, 2010 WL 3526515, at *1 (N.D. Ill. Sept. 1, 2010) (Kendall, J.). Because Defendant's records do not reflect the time the process server devoted to service on these

two witnesses, the court awards costs for one hour for each witness, for a total of $110.

**2.      Fees for transcripts necessarily obtained**

Defendant seeks fees for deposition transcripts for several witnesses.  Expenses related to depositions are recoverable so long as they were reasonably necessary to the case.  *See State of Ill. v. Sangamo Const. Co.*, 657 F.2d 855, 867 (7th Cir. 1981).  Plaintiff does not object to recovery of the court reporter's appearance fee for any of the depositions, nor does she object to recovery for the deposition transcript fees for Denise Powers, Bill Greenwalt, or Beth Marchbank.  She does object to recovery of transcript fees for the depositions of Roseanne Stranski, Richard Kerley, and Franklin Dunn, on the ground that the receipts Defendant has submitted for those depositions do not include information concerning the per-page charge or number of pages in each transcript.  These objections are overruled.  Defendant has provided the requested information in its reply memoranda, where it points out that the depositions of Franklin Dunn and Richard Kerley were transcribed by a court reporting service selected by Plaintiff's counsel.  The court presumes that Plaintiff is well aware of the length of her own deposition transcript, and notes that the per-page cost for that transcript is substantially lower than the per-page cost charged by the court reporting service she herself selected.  The court awards the full amount requested for deposition transcripts, $4,586.43.

Defendant has also requested an award of $1,924.80 for trial transcripts at the higher rate charged for "daily copy."  In defending this expense, Defendant states only that the transcripts for Roseanne Stranski and Franklin Dunn were necessary "[i]n particular" to effective presentation of the evidence.  In determining whether a transcript was necessary, the court considers the facts known at the time the transcript was ordered; a showing that the transcript was actually used in the trial is ordinarily not required for a finding that it was necessary.  *See Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 455 (7th Cir. 1998); *Hudson v. Nabisco Brands, Inc.*, 758 F.2d 1237, 1243 (7th Cir. 1985).  And, although "courts may not tax the costs of transcripts . . . provided merely for

the convenience of the requesting attorney," *Barber*, 7 F.3d at 645, a transcript need not be "absolutely indispensable in order to provide the basis of an award of costs." *Id.* Whether a party obtained a transcript out of convenience or necessity for use in the case is a question of fact within the trial court's discretion. *See Callicrate v. Farmland Indus., Inc.*, 139 F.3d 1336, 1340 (10th Cir. 1998); *Weeks*, 126 F.3d at 945; 10 James William Moore, MOORE'S FEDERAL PRACTICE, § 54.103[3][e] (3d ed. 1998).

In light of the "he said, she said" nature of this litigation, the court agrees that obtaining daily copy of the testimony of Ms. Stranski and Mr. Dunn was necessary to effective cross-examination and preparation of the closing argument. The court therefore overrules Plaintiff's objection in part. The cost for daily copy for Ms. Stranski and Mr. Dunn's trial testimony is recoverable; for all other portions of the transcript, reimbursement is limited to the amount charged by the court reporter for standard delivery.

**3.    Fees for printing and witnesses**

Of the $675 Defendant seeks for witness fees, Plaintiff objects only to the witness fees for William Greenwalt ($25), Joseph Kamarauskas ($25), and the Will County Sheriff's Department ($25).  She also objects to the sums Defendant seeks to recover for transportation for the witnesses.

Defendant has explained that it chose to subpoena Officer Kamarauskas and the Sheriff's Department for impeachment purposes, and the court is satisfied by that explanation.  With respect to William Greenwalt, Plaintiff notes that Greenwalt was deposed only once, but Defendant seeks recovery of the $25 witness fee for two appearances.  In its reply, Defendant asserts that "Mr. Greenwalt received fees for each time his deposition was scheduled, . . ." (Reply Mem. at 6) but has not explained why the deposition was scheduled more than once, or whether Plaintiff was responsible.  The court sustains Plaintiff's objection to the cost of that subpoena.

Plaintiff also objects to reimbursement of taxi fare in the amount of $110.00 for Joanne

Gorecki-Purdy. Section 1920(3) allows costs to be awarded for witness fees that are specified in 28 U.S.C. § 1821, and the Seventh Circuit has concluded that read together, these sections authorize the award of costs to reimburse witnesses for reasonable travel and subsistence expenses. *See Majeske*, 218 F.3d at 825-26. Section 1821(c)(1) allows for actual travel expenses via common carrier "at the most economic rate reasonably available," and § 1821(c)(2) provides a mileage allowance for witnesses who travel by their own vehicles set by the Administrator of General Services. Defendant nevertheless claims taxi fare is recoverable; it cites § 1821(c)(3) (Reply Mem. at 5), but that section provides for recovery of taxi fare only for travel "between places of lodging and carrier terminals."

Put simply, the cost of a taxicab for travel to the courthouse is not an authorized cost. The court will sustain Plaintiff's objection to any amount in excess of $9.60, the cost of a round-trip ticket on the commuter train from Tinley Park to Chicago.

**4.    Fees for copies**

Defendant seeks recovery of copying costs in the amount of $500.20. As with deposition transcripts, the prevailing party may recover the costs of photocopies that are reasonably necessary for use in the case. *See* 28 U.S.C. § 1920. Parties are "not required to submit a bill of costs containing a description so detailed as to make it impossible economically to recover photocopying costs." *Northbrook Excess & Surplus Ins. Co. v. Proctor & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1990). In this case, however, Defendant's request provided no detail at all; the materials in support of the original bill of costs offered no explanation of what specific documents were copied, or why the copies were necessary. "Without such information, it is not possible to determine which copies were made for the court and opposing counsel and which were made solely for the purpose of attorney convenience." *Autozone, Inc. v. Strick*, No. 03 C 8152, 2010 WL 2365523, at *3 (N.D. Ill. June 9, 2010) (Darrah, J.).

Defendant's failure to meet this burden initially is disappointing, but its reply memorandum

amplifies the record. (Reply Memo. at 8-9.) Defendant has now explained the nature of the documents copied, and the court is satisfied that they were reasonably necessary for this litigation. The reply memorandum makes clear, as well, that the per-copy cost is reasonable: $ .10 per page. Plaintiff's objection to recovery of the copying charges is overruled.

**5.      Non-recoverable expenses**

Finally, Defendant asks the court to award amounts for "mileage, tolls, parking fees, lodging" for its attorneys, as well as attorney's fees for the preparation of the bill of costs. Beyond its own assertion that such amounts "should be awarded," (Reply Mem. at 9), Defendant offers no authority for reimbursement of these amounts.

And there is none. Neither travel expenses for attorneys, nor attorneys fees themselves, are properly recoverable as costs. *See Calderon v. Witvoet*, 112 F.3d 275, 276 (7th Cir. 1997), (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987)); *see also Bats Inc. v. Vector Pipeline, LP.*, 222 F.R.D. 356, 358 (N.D. Ind. 2004); *Angevine v. WaterSaver Faucet Co.*, No. 02 C 8114, 2003 WL 23019165, *10 (N.D. Ill. Dec. 23, 2003) (collecting cases). The court sustains Plaintiff's objection to the request for attorney travel and lodging expenses, and to the request for attorney's fees.

## CONCLUSION

Defendant's motion for recovery of costs [107] is granted in part and denied in part. Defendant is directed to submit a revised bill of costs, consistent with the court's rulings, within 14 days.

ENTER:

Dated:          September 23, 2010

_____

REBECCA R. PALLMEYER
United States District Judge